# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DOUGLAS GORHAM,**

    **Plaintiff,**

**vs.**	Case No. 4:09cv201-MP/WCS

**FLORIDA PAROLE COMMISSION,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 10. The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff was convicted in 1972 for rape and sentenced to death, but his sentence was later changed to life with the possibility of parole. Doc. 10, p. 5. Plaintiff was considered for parole in 1992, 1994, 1997, and denied parole. In 1999, he was denied parole again and his next parole hearing set five years later. In 2005, he was denied parole and re-considered again in 2009, when he was denied again. *Id.* Plaintiff's next parole hearing is five years in the future, and he will be considered again in April of

2014.  *Id.*  Plaintiff alleges that at each denial of parole, the reasons provided were the same "reasons previously used without any new negative, intervening factors."  *Id.*

Plaintiff has been serving his Florida conviction in the New Jersey prison system. *Id.*, at 6.  Plaintiff claims that he has a constitutional right to parole and claims that his rights have been "continuously violated . . . by the repeated denial of parole hearings and/or meaningful parole appeal."  *Id.*, at 6.  Plaintiff has not clearly asserted the right denied, but it is presumed that Plaintiff is claiming a violation of his due process rights under the Fourteenth Amendment.  Plaintiff seeks declaratory and injunctive relief, seeking to enjoin Florida officials from considering him for parole and to relinquish authority to New Jersey officials.  *Id.*

The rules of the Florida Parole Commission provide for review by the Florida Parole Commission of Florida prisoners housed outside the state of Florida.  *See* FLA. ADMIN. CODE R. 23-21.013(5) and (6).[1]  There is no federal constitutional right to demand termination of the authority of the Florida Parole Commission and transfer to the State of New Jersey.

---

[1] That rule provides:

> For inmates serving parole-eligible sentences imposed by a court of this state and housed in a facility outside Florida, the Commission shall request, through the Department of Corrections' Interstate Compact Office, an inmate progress report and any additional information the Commission needs from the other state.  The Department of Corrections shall forward the Commission's Inmate Input Form to the other state for the inmate to provide comments to the Commission.  The inmate may include material(s) which the inmate wants the Commission to consider.  The parole examiner shall reduce the recommendation to writing and send it to the Chair within 10 days of receipt of the out-of-state materials.

FLA. ADMIN. CODE R. 23-21.013(5).

Case No. 4:09cv201-MP/WCS

Plaintiff's due process claims are barred by the statute of limitations.  In <u>Lovett v. Ray</u>, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause.  The period of limitations was two years under Georgia law.  The prisoner had been notified by defendants in September of 1998, that he would not be considered for parole until 2006.  The court held:  "As of that time he knew, or should have known, all of the facts necessary to pursue a cause of action . . . ."  327 F.3d at 1183.  The claim, which was filed more than two years later, was held to be untimely.  *Id.*  The court further held that the claim was not a continuing violation:  "Here, the defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and the limitations period was not extended."  *Id.*[2]

In Florida, the statute of limitations for bringing a claim is four years.  <u>City of Hialeah v. Rojas</u>, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002); Fla. Stat. 95.11(3)(p).  Plaintiff was initially considered for parole in Florida in 1992, and had several parole hearings since that time.  Plaintiff was also reconsidered for parole in 1999, 2005, and in 2009 under an amended parole statute which permits delaying parole hearings for up to five years instead of every two years, Plaintiff was considered in 1999, 2005, and again in 2009 under that statute.  The considerations, as alleged by Plaintiff, were the same in each year and the same reasons provided for denying parole.  Thus, Plaintiff's

---

[2] In a subsequent case, the court also held that:  "Each time [the prisoner's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury."  <u>Brown v. Georgia Board of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir. 2003).  That is so because it is the initial decision applying the policy, not the continued application of the policy, which triggers the running of the statute of limitations.  *Id.*

claims concerning the denial of his rights in parole hearings are barred from review under Florida's four year statute of limitations. As noted above, under Eleventh Circuit precedent, the claims cannot be considered as a continuing violation as the same reasoning was the basis for each parole decision.

Finally, there is no constitutional right to parole in Florida. Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986). Plaintiff does not, therefore, have a constitutional right protected by the Due Process clause, at least absent allegations that false or incorrect information was relied upon by the Commission. This case should be summarily dismissed for failure to state a claim.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2009.

    s/     William C. Sherrill, Jr.
    **WILLIAM C. SHERRILL, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**