IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOUGLAS GORHAM,

    Plaintiff,

v.                                               CASE NO. 4:09-cv-00201-MP-WCS

FLORIDA PAROLE COMMISSION,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 12, Report and Recommendation regarding the Amended Complaint filed by Douglas Gorham, Doc. 10. The Magistrate Judge has respectfully recommended that Plaintiff's Amended Complaint be dismissed. Plaintiff timely objected, Doc. 13. All objected-to analysis will be reviewed *de novo*. Plaintiff is proceeding *pro se*, and so will be entitled great latitude.

The Magistrate's conclusion that the plaintiff's claim is barred by the statute of limitations is correct, because the applicable statute of limitations is four years, and the plaintiff's alleged cause of action arose in 1992. Plaintiff complains of improper procedures during his parole hearings, which were conducted in 1992, 1999, 2005, and 2009. The procedures of which he complains were the same at each time, and the same reasons were provided for denying parole. Therefore, in 1992 or soon thereafter, "he knew, or should have known, all of the facts necessary to pursue a cause of action . . .." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (barring state prisoner due process claim due to the statute of limitations). The Magistrate's analysis specifically includes the relevant 11th Circuit precedent and applies it

properly to the facts here.

The plaintiff objects to this analysis on the grounds that, because parole decisions are capable of repetition but evade review, such that they should be reviewed despite of mootness. *See* Southern Pacific Terminal Co. V. ICC, 219 U.S. 498 (1911). This argument is not relevant, because this claim is not being dismissed because of mootness, but rather because of Mr. Gorham's failure to file within the applicable statute of limitations. If Mr. Gorham did not have enough time upon being told of his impending parole hearing to seek review, and by the time review was available the complaint were moot, and the alleged offense might happen again, this Court would review that claim despite mootness. Here, however, Mr. Gorham had ample notice to seek review, and review would not have been moot, because relief would still be available even after the parole hearing. Therefore, the exception to the mootness doctrine is not relevant in this statute of limitations analysis.

Because Mr. Gorham does not allege that the parole Commission relied on any false or incorrect information in denying him parole, the Magistrate correctly concluded that Mr. Gorham has no relevant constitutional right protected by the Due Process clause. There is no constitutional right of parole in Florida. *See* Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986). In his objection, Mr. Gorham argues against this analysis, but continues not to allege that the Commission relied on any false or incorrect information. Therefore, this Court is bound by precedent to dismiss this Complaint for failure to state a claim on which relief may be granted.

Mr. Gorham's assertion that the Commission was impermissibly vindictive because he is convicted of rape, and those who sit on the Commission might find rape especially distasteful, is speculative rather than supported by any evidence. The authority cited by Mr. Gorham with

respect to prosecutorial vindictiveness is not helpful to his argument. A presumption of vindictiveness is not warranted absent any evidence of vindictiveness, and absent such a presumption, no due process violation is established. *See* United States v. Godwin, 457 U.S. 368 (1982) (no presumption of vindictiveness warranted when defendant was indicted of felony charge arising from same incident as previously pending misdemeanor charge after defendant pled not guilty to the misdemeanor, absent actual evidence of vindictiveness).

Finally, though Mr. Gorham correctly cites persuasive authority to the effect that the state may not delay his eligibility for parole, *see* Devine v. New Mexico Dep't. of Corrections, 866 F.2d 339 (10th Cir. 1989), he fails to cite any authority holding that parole must actually be granted on review. Mr. Gorham has been eligible for parole and has been reviewed for parole. Therefore, he has received the process that he is due. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 12, is ADOPTED and incorporated herein.

2. The Amended Complaint, Doc. 10, is DISMISSED for failure to state a claim on which relief may be granted pursuant to 28 U.S.C.A. § 1915(e)(2).

3. The Clerk is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this  *4th*  day of December, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge